UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>-against-<br><br>THOMAS ABREU,<br><br>               Defendant. | 16 Cr. 64 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Defendant Thomas Abreu's pro se submission dated September 15, 2020, a copy of which is attached hereto.  That submission is an objection to the Court's order dated August 18, 2020 (dkt. no. 490) finding that Mr. Abreu's state and federal sentences shall be served consecutively.  The Government shall respond to Mr. Abreu's objection no later than October 21, 2020.

    The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Abreu.

**SO ORDERED.**

Dated:    New York, New York
           October 7, 2020

                                *Loretta A. Preska*
                              LORETTA A. PRESKA
                              Senior United States District Judge

Case 1:16-cr-00064-LAP Document 491 Filed 10/07/20 Page 2 of

RECEIVED
OCT 05 2020
LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,
    Plaintiff,

- against -

Thomas Abreu,
    Defendant,

16 cr. 64-08 (LAP)

PROFFER OF
OBJECTION
TO ORDER DATED AUGUST 18, 2020 BY SENIOR UNITED STATES
DISTRICT JUDGE FOR THE SOUTHERN JUDICIAL DISTRICT OF
NEW YORK LORETTA A. PRESKA WHICH IS NOT IN ACCORDANCE
WITH THE 5 AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES
MANDATE OF DUE PROCESS AND REBUTTAL OF PRESUMPTION OF AUTHORITY
TO CONVICT AND SENTENCE IN ACCORDANCE WITH RULE 301 OF THE
FEDERAL RULES OF EVIDENCE

    Now comes Thomas Abreu from herein the Defendant who enters this proffer of Objection to Order dated August 18, 2020 by Senior United States District Judge for the Southern Judicial District of New York Loretta A. Preska which is not in accordance with the 5th Amendment of the Constitution of the United States' mandate of Due Process for the Defendant's protected property interest of liberty.

GROUNDS FOR OBJECTION

    1. The Defendant asserts and proffers into this record evidence of the law of the United States in accordance with Title 1 U.S.C §204 which states - Codes and Supplements as Evidence of the Laws of United States and District of Columbia, Citation of Code and Supplements - which states - In all courts, of the District of Columbia, and of each States, Territory, or Insular possession of the United States --
        (a) United States Code. The matter set forth in the edition of the Code of Laws of the United States current at anytime shall, together with the then current supplement, if any establish prima facia the laws of the United States, general and permanent in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included: Provided, however, that whenever Title of such code shall have been enacted into positive law the text there of. Shall be legal evidence of the laws therein contained , in all the courts of the United States, the several States, and Territories and Insular Possessions of the United States.

    2. The Defendant asserts and proffers into this record the enactment clause of the United States Congress for Title 18 of the United States Code which states - Title 18 of the United States Code was enacted into positive law by the Act of June 25, 1948 CH 645, 62 Stat. 683 and Title 1 of the United States Code was enacted into positive law by the Act of July 30, 1947 CH 388 §1, 61 Stat., 633.

3. The Defendant asserts and proffers into this record evidence of the law of the United States in accordance with Title 18 U.S.C §5 which states - The term "United States", as used in this title in a territorial sense, includes all places and water, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone.

4. The Defendant asserts and proffers into this record evidence of the law of the United States in accordance with Title 18 U.S.C §7 which states - Special Maritime and territorial jurisdiction of the United States defined - The term "special maritime and territorial jurisdiction of the United States", as used in this title includes:
(1). The high seas, any other water within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, and any vessel belonging in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, District, or Possession thereof, when such vessel is within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State....

5. The Defendant asserts and proffers into this record evidence of the law of the United States in accordance with Title 18 U.S.C §10 which states -Interstate commerce and foreign commerce defined - The term "interstate commerce" as used in this title includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, or the District of Columbia....

6. The Defendant asserts and proffers into this record evidence of the law of the United States in accordance with Title 18 U.S.C §23 which states - Court of the United States defined - As used in this title, except where otherwise expressly provided [,] the term "court of the United States" includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands.

7. The Defendant asserts and proffers into this record evidence of the Federal Rules of Criminal Procedure in accordance with Rule 1(b)(10)(A) - which states - a state or local officer authorized to act under Title 18 U.S.C §3041.

8. The Defendant asserts and proffer into this record evidence of the law of the United States in accordance with Title 18 U.S.C §3041 which states - Power of courts and magistrates [United States Magistrate Judges] - ... A United States Judge or magistrate [United States Magistrate Judge] shall proceed under this section according to rules promulgated by the Supreme Court of the United States. Any State judge or magistrate acting hereunder may proceed according to the usual mode of procedure of his state but his acts and orders shall have no affect beyond determining, pursuant to the provisions of section 3142 of this title [18 USCS §3142], whether to detain or conditionally release the prisoner prior to trial (before a "court of the United States") or to discharge him from arrest.

## REBUTTAL OF PRESUMPTION

9. The Defendant asserts and proffers into this record a Rebuttal of Presumption in accordance with Rule 301 of the Federal Rules of Evidence – REBUTTAL – of the Congressional findings and declarations presumed in Title 21 U.S.C §801 which was never enacted into positive law by the Congress of the United States in accordance with Article I Section 8 Clause 17's mandated limitation of the United States exercise of exclusive legislation within the ten miles square of the District of Columbia which constitutes the exercise of exclusive United States legislation within the sovereign State of New York as contrary to the constitutional power of the United States.

10. The Defendant asserts and proffers a statement of the Defendant's beliefs about the criminal proceeding held in the United States District Court for the Southern Judicial District of New York for criminal acts alleged to have been committed within the legislative jurisdiction of the sovereign State of New York, the statement of the Defendant is as follows – I believe the United States its acting agent Senior United States District Judge for the Southern Judicial District of New York has deprived me of my right to liberty under the color of law in accordance with Title 18 U.S.C §242 not in accordance with the constitutional power of the Constitution of the United States and the laws thereof and in excess of federal offense(s) against the laws of the State of New York which I believe constitutes a crime against me and a taking of my protected property interest held in my personal liberty void due process by a tribunal in accordance with Title 18 U.S.C §23 not in accordance with constitutional and legislative power to decide the issues where I believe that I have been detained under the color of legal authority for fraudulent offense(s) alleged to have to occured within the "United States" not in accordance with Title 18 U.S.C §5 and not in accordance with Title 18 U.S.C §7, and not in accordance with Title 18 U.S.C §10 and not in accordance with Article I Section 8 Clause 10 and Clause 17 respectively both clauses are of the Constitution of the United States.

11. The Defendant asserts and proffers into this record a Rebuttal of Presumption in accordance with Rule 301 of the Federal Rules of Evidence – REBUTTAL – I rebut the presumption by this court that I committed offense(s) against the laws of the "United States" in accordance with Title 18 U.S.C §5.

12. The Defendant asserts and proffers into this record a Rebuttal of Presumption in accordance with Rule 301 of the Federal Rules of Evidence – REBUTTAL – I rebut the presumption by this court that I do not have respect for the law where my criminal acts were committed while I was battling substance abuse and depression and suffering from child abuse.

13. The Defendant asserts and proffers into this record evidence which is an additional Objection to being sentenced in accordance with Title 18 U.S.C §3553(b)(1), wherein United States v. Booker (2005) 534 US 220, 160 L Ed 2d 621, 125 S Ct 738, the Supreme Court held that Title 18 U.S.C §3553(b)(1), which makes the Federal Sentencing Guidelines mandatory is incompatible with the requirement of the Sixth Amendment and therefore must be severed and excised from the Sentencing Reform Act of 1984. If the court insist on committing a crime in accordance with Title 18 U.S.C §242 aganst the Defendant, the Defendant Demands to be resentenced in accordance with Title 28 U.S.C §944(a)(1)(D) of the Sentencing Commissions Guidelines in accordance with the Order dated August 18, 2020 by Senior United States District Judge for the Southern Judicial District of New York Loretta A. Preska which constitutes a revision to the original sentence which was silent regarding any relationship at that time to the forthcoming action by the State of New York Supreme Court case number 02554-2016, thus the Defendant asserts his 6th Amendment guaranteed protection against the United States. See Exhibit "A" which is a letter from the U.S. Department of Justice requesting guidance as to how Mr. Abreu's federal sentence should run with respect to a sentence he has served with the State of New York, where the Federal Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action by the State.

Date 09-15-2020

_____
Thomas Abreu, the Defendant
P.O. Box 900
F.C.I Ray Brook
Ray Brook, NY 12977


## VERIFICATION

I Thomas Abreu, the Defendant declare under penalty of perjury under the Laws of the United States of America that the foregoing statement(s) are true and correct. Executed on 09-15-2020 pursuant to Title 28 U.S.C §1746.

_____
Thomas Abreu, the Defendant

PAGE 4 OF 4

Exhibit A



U.S. Department of Justice

Federal Bureau of Prisons

Designation and Sentence Computation Center

U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

July 21, 2020

The Honorable Loretta A. Preska
Senior United States District Court Judge
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

RE:  ABREU, Thomas
     Register Number: 77166-054
     Case Number: 1:16CR00064-08 (LAP)

Dear Senior Judge Preska:

On March 1, 2017, Thomas Abreu was sentenced by the Court to a 78-month term of confinement for Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone. Mr. Abreu has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau of Prisons (Bureau) designating the state institution for service of his federal sentence under 18 U.S.C. § 3621(b). Such action would thereby reduce the total amount of time spent in custody. In Setser v. United States, 566 U.S. 231, 237 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent with or consecutive to any other sentence rests with the federal sentencing court. The Bureau is requesting guidance as to how Mr. Abreu's federal sentence should run with respect to a sentence he has served with the State of New York.

At the time the federal sentence was imposed, Mr. Abreu was under the primary jurisdiction of state authorities in New York, and in federal custody pursuant to a writ of habeas corpus. The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action by the state. Following sentencing, Mr. Abreu was returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On May 3, 2017, Mr. Abreu was sentenced by the State of New York to a 3-year and 6-month term of imprisonment for Criminal Possession of a Weapon, in New York County Superior Court Case Number 02554-2016. The state sentence information received by the Bureau indicates the court ordered the sentence run concurrently with the federal sentence. On August 29, 2019, Mr. Abreu's state obligation was satisfied, and he was released to the federal detainer to commence the service of his federal sentence as provided by 18 U.S.C. § 3585(a).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court. Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on the date of imposition, which will result in Mr. Abreu's release from Bureau custody on or about April 29, 2022. Should the Court indicate the sentence is to run consecutively to the state term, he will continue to a current projected release date of March 13, 2025.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

John O'Brien
Chief

mgb
cc: Jason A. Richman, AUSA
    Johnny Y. Kim, USPO