```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>-against-<br><br>THOMAS ABREU,<br><br>      Defendant. | No. 16 CR 64(LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  Mr. Abreu pled guilty on October 19, 2016, to one count of conspiring to distribute and possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. (Dkt. no. 235.)  On March 1, 2017, the Court sentenced Mr. Abreu to a within-Guidelines sentence of 78 months imprisonment. (Judgment [Dkt. no 352].)  The Judgment reflects the Court's recommendation to the Bureau of Prisons that Mr. Abreu "be given credit for his time he has spent in custody prior to this sentencing."  (Id. at 2 (emphasis added); see also Sentencing Transcript [dkt. no. 353] at 14 ("It is also the court's recommendation that Mr. Abreu receive credit for the time he has spent in custody prior to today's sentencing.").)  At the time of the March 1, 2017 sentencing, Mr. Abreu had been in federal custody for approximately six months, since August 31, 2016. (See Sentencing Transcript at 7; see also Presentence Investigation Report [dkt. no. 302] at 1 (noting that "the

1

defendant was remanded on 8/31/16"); id. at 7 ("The defendant was remanded following a pretrial status hearing on August 31, 2016.").)

Now before the Court is Mr. Abreu's August 3, 2021 motion to amend the judgment.  (Motion [Dkt. no. 508].)  According to Mr. Abreu, despite the Court's recommendation to the Bureau of Prisons that Mr. Abreu "be given credit for his time he has spent in custody prior to this sentencing" (Judgment at 2), BOP "officials have refused to grant [him] the credit for time spent in custody before [this Court] imposed the sentence" (Motion at 2).  Mr. Abreu requests that the Court "amend the judgment . . . to reflect the period for August 31, 2016 up until the point to which this Court imposed sentence."  (Id.)

Mr. Abreu includes in his submission a July 19, 2021 request to the BOP seeking a credit of 199 days toward his period of incarceration, which, according Mr. Abreu, reflects the time from "August 31, 2016 to March 17, 2017 [he] spent at 'MCC'" "prior to [his] being sentenced."  (Id. at 5.)  The BOP denied Mr. Abreu's request the next day, writing:  "The time went towards your state sentence.  Your federal sentence cannot begin until it is imposed."  (Id.)[1]

---

[1]   The Court notes that 18 U.S.C. § 3585, which governs the calculation of credits towards a term of imprisonment, provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official

2

The Government responds that the Court should deny Mr. Abreu's request because Mr. Abreu has failed (1) to invoke any statutory authority that would permit the Court to amend the judgment at this stage and (2) to exhaust his administrative remedies with the BOP or, if he has, to provide proof of exhaustion.  (Response [dkt. no 514] at 2.)

"The Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations."  United States v. Whaley, 148 F.3d 205, 206 (2d Cir. 1998).  "Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review."  Id.  Mr. Abreu has not demonstrated that he has exhausted his administrative remedies.  The Court is, therefore, without jurisdiction to review the BOP's determination.

---

detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."  (emphasis added).

Accordingly, the motion is DENIED. If Mr. Abreu believes that his sentence was in violation of the Constitution or applicable federal law, he may move to vacate his conviction pursuant to 28 U.S.C. § 2255. Alternatively, after exhaustion of his administrative remedies, Mr. Abreu may move this Court for compassionate release pursuant to 18 U.S.C. § 3582 or he may seek a writ of habeas corpus in the district in which he is incarcerated--currently, the Northern District of New York--pursuant to 28 U.S.C. § 2241.

The Clerk of the Court shall mail a copy of this order to Mr. Abreu.

**SO ORDERED.**

Dated:     December 28, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge